# Richmond

MARY S. PARKER v. MORRIS D. DeBOSE.

June 14, 1965.

Record No. 5964.

Present, All the Justices.

*Ralph T. Baker* (*N. Woodrow Pusey*, on brief), for the plaintiff in error.

*R. V. Richardson* (*L. Eldon James; James, Richardson & James*, on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the court.

On June 7, 1963, Mary S. Parker, plaintiff, instituted an action at law against Morris D. DeBose, defendant, to recover damages in

the sum of $25,000 for personal injuries she allegedly sustained when the automobile she was operating was struck from the rear by a car operated by defendant. A jury trial was had, and a verdict was returned for defendant. Plaintiff moved the court to set aside the verdict on the ground, among others, that the court had misdirected the jury by giving Instruction No. H, but the motion was overruled and final judgment was entered for defendant. We granted plaintiff a writ of error.

The facts of the case are essentially uncontroverted and appear in the record in the form of a "STATEMENT OF FACTS AND PROCEEDINGS IN TRIAL COURT" which was signed by counsel for both parties and certified by the trial judge. Rule 5:1 § 3(e) of Rules of Court. The statement discloses that on February 6, 1963, at about 2:30 p.m. plaintiff was operating her motor vehicle in a westerly direction upon the parking lot of the Newmarket Shopping Center in the city of Newport News. She was driving along a passageway which was located between the rear of certain stores in the shopping center and an area designated for the parking of vehicles. The parking area was divided into spaces by white lines which ran perpendicular to the passageway. Defendant was operating his automobile along the passageway to the rear of plaintiff's vehicle and was proceeding in the same direction in which plaintiff was moving.

Plaintiff intended to park in a vacant space which was to her left. When she began to turn her automobile to the left to enter the space the left front of her car was struck by the right front of defendant's vehicle as he attempted to pass on her left side.

Plaintiff testified that she was driving in the right-hand lane or side of the passageway; that before commencing her turn she looked into both her rear view and side view mirrors; and that there was no vehicle beside her or visible through either mirror with the exception of one automobile (defendant's) which was approximately 150 feet behind her in the right-hand lane of the passageway.

Plaintiff further testified that she then gave a left turn signal by means of an electric device, slowed down, concentrated on making the turn, and was struck while so doing. Defendant, on the other hand, testified that "he was familiar with the type of turn signal device employed upon the make and model automobile being operated by Plaintiff, that it was a red light approximately the size of a dish pan, and that he saw no such signal from the rear of Plain-

tiff's vehicle" prior to the commencement of the turn or prior to his attempt to pass plaintiff on the left.

Before the trial commenced it was stipulated by counsel for both parties that "the collision occurred upon private property, and that no duties imposed by statutes or ordinances were applicable, but rather, that the duty imposed upon both drivers was a duty of reasonable or ordinary care under the circumstances."

Plaintiff asserts in her assignments of error that the trial court erred (1) in granting Instruction No. H, and (2) in overruling her motion to set aside the verdict and in entering final judgment for defendant.

Instruction "No. H" was offered by defendant and after undergoing certain deletions and amendments it was granted, over plaintiff's objection, in the following form:

"The Court instructs the jury that it was the duty of the plaintiff, Mary S. Parker,

"(1) To keep and maintain a proper and efficient lookout.

"(2) To keep her automobile under proper control.

"(3) *To exercise ordinary care to see that an intended turn or partial turn from a direct line could be made in safety.*

"(4) *Whenever the operation of any other vehicle might be affected, to reasonably give a signal plainly visible to the driver of such other vehicle of her intention so to do.*

"And the Court further instructs you that each of the above duties was a continuing duty upon the plaintiff, and if you believe from a preponderance of the evidence that the plaintiff, Mary S. Parker, failed in the performance or violated any one or more of the foregoing duties, then she was guilty of negligence, and if you further believe from a preponderance of the evidence that such negligence, if any, proximately contributed to the accident, then you shall find your verdict in favor of the defendant, DeBose." (Emphasis added.)

Plaintiff claims that paragraphs (3) and (4) of the instruction were improper and prejudicial under the facts and circumstances of this case. She contends that what constituted ordinary or reasonable care here was a question of fact for the jury and not one of law for the court to decide; that the instruction imposed upon her the provisions of non-applicable statutory law as duties of reasonable or ordinary care, and that it required the jury to find for defendant

if, under other instructions of the court, she failed to prove by a preponderance of the evidence that she complied with the statutory duties improperly imposed upon her by the instruction.

Defendant, on the other hand, takes the position that merely because certain duties have been placed upon drivers by statutory law does not mean that statutory law was the source of those duties and that Instruction No. H required plaintiff to do only those things that have come to be expected of reasonably prudent drivers down through the years.

"It has been generally held in civil actions involving motor vehicle accidents that statutory traffic regulations or rules of the road have no application to the conduct of traffic on private ways or premises. * * *" 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 169, p. 723. See also 6 Blashfield, *Cyclopedia of Automobile Law and Practice*, § 3361, p. 6; *Prillaman* v. *Commonwealth*, 199 Va. 401, 100 S.E. 2d 4.

In 60 C.J.S., Motor Vehicles, § 349, pp. 815, 816 it is said:

"While governmental regulations with respect to the operation of motor vehicles ordinarily are applicable only to operation on public streets and highways, and do not apply to operation on private premises, including operation on a private driveway or a private road, the common-law duty of exercising due care and avoiding injury to others rests on one who operates a motor vehicle in places, other than public streets or highways, as, for example, in operating on a private driveway or a private road or on school grounds.

"Due care with respect to operation in places herein involved is predicated on existing circumstances, and the nature of the place is a proper matter for consideration in determining whether the operator exercised due care under the circumstances. Generally speaking, the operator has the duty to exercise reasonable or ordinary care in view of the circumstances, or, as sometimes stated, that degree of care that a reasonably prudent, or an ordinarily careful or prudent, person would exercise under the same or similar circumstances, and statutory rules as to operation on public roads may indicate a desirable degree of care in operating on private driveways. * * *" See also *Zarzecki* v. *Hatch*, 347 Mich. 138, 79 N.W. 2d 605, 62 A.L.R. 2d 284; *Glaser* v. *Dunlap*, 52 Ohio L Abs 296, 83 N.E. 2d 669; *Stinson* v. *Columbus & Chicago Motor Freight*, 69 Ohio L Abs 449, 125 N.E. 2d 881.

Here, as has been said, it was stipulated by counsel for both parties that the collision occurred on private property; that no

duties imposed by statutes or ordinances were applicable, and that the duty imposed upon both drivers was one of reasonable or ordinary care under the circumstances. The stipulation was binding on both parties, and in our opinion it embodied a correct statement of the law.

Paragraph (3) of Instruction No. H told the jury that it was the duty of plaintiff "to exercise ordinary care to see that an intended turn or partial turn from a direct line could be made in safety." Plaintiff argues that this paragraph as worded made her an insurer of the safety of the turn whereas she was only required to exercise that degree of care which a reasonable and ordinarily prudent person would exercise under the same circumstances and conditions. She says that if the instruction had included the word "reasonable" before the word "safety" the defect would have been corrected. We do not think that the giving of paragraph (3) constituted reversible error. The paragraph stated that plaintiff's duty was "To exercise ordinary care" to see that her intended turn could be made in safety, and this qualifying language prevented plaintiff from becoming an insurer of the safety of the movement. However, we are of opinion that the paragraph could have been more appropriately worded. Since the case will be reversed and remanded for a new trial for reasons stated *infra* such an instruction, if offered, should read: "To exercise reasonable care under the circumstances to see that an intended turn or partial turn from a direct line could be made in safety" or should contain words of similar import.

Finally, plaintiff contends that paragraph (4) of Instruction No. H was erroneous. This paragraph informed the jury that it was plaintiff's duty "Whenever the operation of any other vehicle might be affected, to reasonably give a signal plainly visible to the driver of such other vehicle of her intention so to do."

Plaintiff says that paragraph (4) made it mandatory upon her to give a signal to defendant of her intention to turn and that she was therefore deprived of an opportunity to argue to the jury that ordinary and reasonable care under the circumstances on a private parking lot would not require the giving of a signal unless the jury concluded that an ordinarily prudent person would have given a signal. We agree with plaintiff that paragraph (4) was not a correct statement of the law as applied to the facts of this case and that its inclusion in Instruction No. H constituted reversible error.

It is true that paragraph (4) did not specify the kind or type of signal required, yet it is manifest from a reading of the paragraph

that it was substantially based upon Code, § 46.1-216, which reads in part: "* * * and whenever the operation of any other vehicle may be affected by such movement shall give such signals as are required in §§ 46.1-217, 46.1-218 or 46.1-220, plainly visible to the driver of such other vehicle, of his intention to make such movement."

In 60 C.J.S., Motor Vehicles, § 300(b), pp. 709, 710 it is said:

"The duty to exercise due care in stopping, backing, and turning may in some circumstances require that the motorist signal his intended action, and such a signal is sometimes required by express statutory provisions; but it has been held that in the absence of a statutory requirement there is no absolute duty to signal before stopping or turning."

At common law there is no absolute duty on a motorist to give a signal of his intention to turn. Such a duty is made mandatory by statutory law which is not applicable here. Whether plaintiff should have given a signal of her intention to turn was a question for the jury to decide and not a question of law for the court to determine. Hence, the court improperly told the jury in Instruction No. H that it was the duty of plaintiff to give defendant a signal. The instruction should have told the jury that if a reasonably prudent person in the exercise of ordinary care under the same circumstances would have given a signal of an intention to turn then plaintiff had the duty to give such a signal.

For the reasons stated, the judgment appealed from is reversed and the case is remanded for a new trial in accordance with the views herein expressed.

*Reversed and remanded.*