**LAW AND EQUITY COURT OF THE CITY OF RICHMOND**

Rosa M. Denby

    v.

Daniel Silverman

June 24, 1965

Case No. A-7088

By JUDGE ALEX H. SANDS, JR.

This case, which resulted in a jury verdict in favor of the defendant rendered on April 22, 1965, is before the Court upon plaintiff's motion to set aside the verdict. The grounds for this motion are threefold: (1) the refusal of the Court to give plaintiff's instruction # 6 as tendered, (2) the granting of instruction B offered by defendant and given over plaintiff's objection, and (3) the refusal of the Court to declare a mistrial upon plaintiff's motion based upon allegedly prejudicial statements made by a member of the jury to his fellow jurors.

Grounds # 1 and # 3 having been previously ruled upon adversely to plaintiff, attention is now directed to ground # 2.

The collision involved occurred in a driveway upon the premises of Food Fair Store located on the north side of Broad Street just to the east of the intersection of Broad Street and Allen Avenue, which driveway ran in front of the store and had terminal points for entrance and exit on Broad Street. The evidence was in sharp conflict whether the driveway was one-way or two-way but was undisputed on the point that members of the public, other than patrons of Food Fair Store, used the driveway freely,

particularly patrons of several other business establishments located adjacent to Food Fair Store.

Instruction B told the jury that if they found the driveway to be two-way that it was the duty of operators of vehicles to drive upon the right hand side.

Plaintiff objected to this instruction upon the ground that this driveway being privately owned and maintained by Food Fair Store, that it was a "private road or driveway" in contemplation of Code Section 46.1-1(22) and not a "highway" as contemplated in Section 46.1-1(10) and that therefore drivers thereon were not controlled by Section 46.1-203 upon which section, together with Section 46.1-190 this instruction was predicated.

The single question upon which the correctness of this instruction turns is whether or not the accident occurred upon a "highway" in contemplation of the statutory definition thereof.

As stated, the testimony of Randolph, manager of the Food Fair Store, to the effect that the driveway was consistently used by members of the public other than patrons of the store, that it served as a convenient, though not necessary, means of ingress and egress to adjacent business establishments and that Food Fair made no effort to block or discourage such use is unrebutted.

The identical question involving a similar type of driveway arose in *Morris* v. *Dame's Ex'or.*, 161 Va. 545 (1933), in which case the driveway, though on private property and privately maintained, was held to be a "highway" in contemplation of the statutory definition of a highway. At the time *Dame* was decided, the definition placed upon a "highway" by Acts of Assembly, 1926, Chap. 474 was:

> Every way or place of whatever nature open to the use of the public for the purpose of vehicular travel.

Plaintiff urges that this definition has been narrowed by present section 46.1-1(10) which defines a "highway" as:

> The entire width between the boundary lines of every way or place of whatever nature open

to the use of the public for purposes of vehicular travel in this state, *including* the streets, alleys and *publicly maintained parking lots* in counties, cities and towns. (Emphasis added).

Plaintiff argues that *Prillaman* v. *Commonwealth*, 199 Va. 401 (1957), which held a privately owned *lot* used in the conduct of a filling station business not a "highway" as defined by Section 46.1(8), now Section 46.1-1(10), in effect renders *Morris* v. *Dame's ex'or.* no longer controlling.

This argument overlooks the fact that beginning with *Morris* v. *Dame* and running through *Crouse* v. *Pugh*, 188 Va. 156 (1948), and *Reese* v. *Snelson*, 192 Va. 479 (1951), the criterion for distinguishing a "highway" from a "private road or driveway" has been whether the road in question is *"open to the public for purposes of vehicular travel."* Indeed this very test is affirmed in *Prillaman* v. *Commonwealth*, *supra*, see 199 Va. at page 407.

Plaintiff urges that the quotation from 25 Am. Jur. 339, found in *Prillaman* at page 408, emphasizes the importance of public maintenance of the road in question when distinguishing a "highway" from a "private road." Not only was this not the basis of the decision in *Prillaman* but a review of the testimony contained in the record in *Morris* v. *Dame's Ex'or.* discloses that the road under consideration in that case was *not* publicly maintained.

In *Prillaman*, moreover, there was no evidence that any member of the public used the parking lot for any purpose other than as an exit and entrance *to the filling station.* The contrary is true in the case at bar. Under the undisputed evidence members of the public who were non-patrons of the store used the driveway consistently as a thoroughfare.

For the above reasons, plaintiff's motion to set aside the verdict will be overruled and judgment entered on the verdict.