# Ayne F. Furman

## V.

# Linda Marie Thomas Call

Record No. 841774

November 25, 1987

Present: All the Justices

*Thomas P. Mains, Jr.* for appellant.
*Gary B. Mims (Brault, Palmer, Grove & Zimmerman,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

Ayne F. Furman sued Linda Marie Thomas Call, alleging that Furman was injured as a result of Call's negligent operation of a motor vehicle. At the close of Furman's evidence before a jury, the trial court struck her evidence and entered summary judgment in favor of Call. The court concluded that Furman "failed to yield the right-of-way, which she was required to do." Furman has assigned error to this ruling.

Furman, a podiatrist, had an office in a condominium office complex consisting of 12 offices. A parking area, maintained by the Condominium Association, surrounds the buildings of the complex. Although the complex fronts on a major highway, access to it is limited to two entrances from side streets.

The parking area exists for use by "[t]he owners and/or tenants, and their employees, or guests." A sign at each entrance reads: "Private Property, No Soliciting." The roads around and in the complex, however, have never been closed to the public; the complex is open for vehicular traffic 24 hours a day, seven days a week. No guard or barricade system prevents the public from driving at will through the complex. If a member of the public, as opposed to an owner, tenant, or invitee, parks in the area, the license number of the car is recorded and "a ticket is put on his car." A second violation results in a "paper warning" being placed on the windshield. If a third violation occurs, the car is towed away.

On May 19, 1982, both Furman and Call were leaving the parking area, intending to leave by the same exit. The collision occurred at an intersection of two ways within the complex. The two vehicles approached the intersection approximately the same time and were almost at right angles to one another when they

collided, with Call's vehicle to the right of Furman's. Call's vehicle collided with the front of Furman's car.

Relying upon Code § 46.1-221, the trial court ruled that Call's vehicle, which was to the right of Furman's, had the right-of-way and that Furman had failed to yield it. Code § 46.1-221 provides, in pertinent part, that "when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

■ The crucial question, therefore, is whether Code § 46.1-221 applies to the intersection in the condominium's parking area. Because the statutory rules of the road only apply to highways, the answer turns on the underlying question whether the parking area is a "highway." Code § 46.1-1(10) defines "highway" as "[t]he entire width between the boundary lines of every way or place of whatever nature open to the use of the public for purposes of vehicular travel." Thus, the test for determining whether a way is a "highway" depends upon the degree to which the way is open to public use for vehicular traffic. *See Kay Management* v. *Creason*, 220 Va. 820, 831-32, 263 S.E.2d 394, 401 (1980).

Furman contends that the evidence established that the parking area was a "private road or driveway" as defined by Code § 46.1-1(22)[1]; therefore, she says, "The Rules of the Road," Article 4, Chapter 4, Title 46.1, including Code § 46.1-221, do not apply. Furman relies upon *Parker* v. *DeBose*, 206 Va. 220, 142 S.E.2d 510 (1965), and *Prillaman* v. *Commonwealth,* 199 Va. 401, 100 S.E.2d 4 (1957).

■ *Parker* involved an accident that occurred in a shopping center parking lot. 206 Va. at 221, 142 S.E.2d at 511. However, counsel for both parties had stipulated prior to trial that the collision occurred on private property, that the statutory Rules of the Road were inapplicable, and that the only duty imposed upon both drivers was a duty of reasonable care under the circumstances. *Id.* at 222, 142 S.E.2d at 511. Based upon this stipulation, we held that the trial court committed reversible error in giving an instruction based on the statutory Rules of the Road. *Id.* at 225, 142 S.E.2d at 513. Thus, *Parker* is inapposite, and Furman's reliance upon it is misplaced.

---

[1] Code § 46.1-1(22) defines a "private road or driveway" as "[e]very way in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons."

In *Prillaman*, we reversed the misdemeanor conviction of a defendant accused of driving on a highway after his license had been revoked. The evidence there showed that Prillaman had driven his car from the rear to the front of a service station lot across service station property. 199 Va. at 402, 100 S.E.2d at 5. We held that the premises were not open to the public's use for vehicular traffic purposes and, therefore, did not constitute a "highway" within the statutory definition. *Id.* at 408, 100 S.E.2d at 9. Although the *Prillaman* Court discussed public maintenance and common enjoyment in evaluating whether a way is a "highway," that language is dicta. The case was decided solely on the basis of the statutory definition of "highway," which requires only that the way be "open to the use of the public for purposes of vehicular travel." *Id. See also Kay Management*, 220 Va. at 831, 263 S.E.2d at 401.

We believe the present case is controlled by our holding in *Kay Management*. There, the roadways or streets in an apartment complex were privately owned and maintained. However, no evidence showed that the streets were "restricted exclusively to the private use of the apartment dwellers or those persons who visited them," or that "access was denied to the public by security guards, gates, or warning signs." *Id.* at 830, 263 S.E.2d at 401. A "single short paved street or roadway" provided the only entrance to the apartment complex from the public highway. *Id.* Although the streets "may have been intended for the primary purpose of providing parking areas for apartment tenants," the streets "carried traffic along the travel portions," and the evidence did not show that they were constructed solely to provide parking spaces. *Id.*

In *Kay Management*, we held that "the evidence of accessibility to the public for free and unrestricted use gave rise to a prima facie presumption that the streets of [the apartment complex] were highways within the definition of Code § 46.1-1(10)." *Id.* at 832, 263 S.E.2d at 402. Once this presumption arises, the opposing party has the burden "to rebut the presumption by showing that the streets were used for vehicular travel exclusively by the owners and those having either express or implied permission from the owners." *Id.*

In the present case, the evidence is undisputed that the roads around and in the condominium complex have always been open to the public 24 hours a day, seven days a week. Access by the

public has never been denied by guards, gates, or any other device. The only signs read: "Private Property, *No Soliciting.*" (Emphasis added.) Clearly, the purpose of the signs is to prohibit soliciting, not the entry of motor vehicles operated by members of the public.

■ Because Furman has not rebutted this evidence and the resulting presumption that the public has full and unrestricted access to the parking area, we hold that the area is a "highway" as defined by Code § 46.1-1(10). The trial court, therefore, properly applied Code § 46.1-1(10) by ruling that Call had the right-of-way and that Furman failed to yield it.

Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*