The plaintiff, Pamela Dale,[1] appeals from a judgment on a jury verdict in favor of the defendant, Lillie Kelly, in Dale's negligence action based on an automobile accident that occurred in a privately owned parking lot. The issues are: 1) whether the trial court erred in failing to instruct the jury on the "Rules of the Road," Ala. Code 1975, § 32-5A-1 et seq.; and 2) whether the trial court erred in denying Dale's motions for directed verdict and for J.N.O.V., based on what Dale says was undisputed proof of Kelly's negligence.
On February 20, 1990, Kelly, an employee of Intergraph, Inc., was driving slowly in a westerly direction in a one-way lane of traffic in Intergraph's parking lot. This one-way lane intersected with a two-way lane that ran north and south; traffic was controlled at this intersection by a "yield" *Page 633 
marker painted on the one-way lane. As Kelly approached the yield marker, she "came off" the accelerator, looked first to her right and then to her left, and, seeing no one, then entered the intersection. As Kelly entered the intersection, her vehicle struck Dale's car; Dale had been travelling south in the two-way lane of traffic. Kelly testified that she did not apply her brakes before entering the intersection because she did not see Dale's car approaching. Kelly also testified that she was familiar with the intersection and that she knew of the yield marker.
Dale argues that the trial court erred in failing to give the following instructions based on the "Rules of the Road," Ala. Code 1975, § 32-5A-1 et seq.:
"Plaintiff's Requested Charge # 5
 "Intergraph had the right to establish preferential rights of way at an intersection on its parking lot by indicating a yield sign. Ala. Code 1975, § 32-5A-112."
"Plaintiff's Requested Charge # 7
 "The driver of any vehicle shall obey the instructions of any official traffic-control device placed in accordance with law, including the yield sign located in the Intergraph parking lot."
"Plaintiff's Requested Charge # 8
 "A person operating a motor vehicle in a business parking lot has a right to assume that other persons also using the parking lot will obey the law and rules of the road relating to such use, and she has the right to proceed on such assumption until the contrary is clearly evident to her or by the exercise of reasonable care should have been clearly evident to her."
"Plaintiff's Requested Charge # 9
 "When two vehicles approach or enter an intersection from different directions at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. In other words, the defendant, Lillie Kelly, had the duty to yield the right of way to the plaintiff, Pamela Dale. Ala. Code 1975, § 32-5A-110."
Dale concedes that this Court has never held that the Rules of the Road apply to private parking areas. Dale argues, however, that the Rules of the Road should be made applicable to heavily travelled private parking areas that employ normal traffic control devices, because these parking areas are effectively the same as public highways. She urges this Court to follow the Virginia Supreme Court's decision in Furman v.Call, 234 Va. 437, 362 S.E.2d 709 (1987). The Furman court held that the Virginia statutory rules of the road apply to condominium parking lots.
Substantial differences between the Virginia and Alabama rules prevent this Court from following Furman. The Virginia rules apply to all "highways," and "highway" is defined in the Virginia Code as "the entire width between the boundary lines of every way or place of whatever nature open to the use of the public for purposes of vehicular traffic." Va. Code Ann. §46.1-1(10). Because the condominium parking lot did not limit the access of the public with gates, a guard station, or other means, the Furman court held that the lot was a "highway" within the statutory definition.
The Alabama rules apply "exclusively to the operation of vehicles upon highways." Ala. Code 1975, § 32-5A-2. The term "highway" is defined in the Alabama Code as the "[t]he entire width between the boundary lines of every way publiclymaintained when any part thereof is open to the use of the public for purposes of vehicular travel." § 32-1-1.1(23) (Emphasis added.) Because the statutory definition of the term "highway" excludes private parking lots, the Rules do not apply to private parking lots.
Dale argues that even if the Rules do not apply to private areas in the same manner as they apply to highways, trial courts should nevertheless be able to use *Page 634 
the Rules as guidelines in framing instructions on common law negligence. This argument, even if correct, does not present any error in the case before us. Such instructions would presumably be discretionary with trial judges, and, in this case, the trial court gave such instructions covering substantially all of the points raised in the requested instructions:
 "To aid you in your determination of whether the Plaintiffs have met their burden of proof, I give you the following instructions also. The driver of a motor vehicle in a business parking lot is under a duty to exercise reasonable care to avoid inflicting injury or damages upon others who may be lawfully using the same parking lot. Reasonable care means such care as a reasonably prudent person would exercise under the same or similar circumstances.
 "The driver of a vehicle approaching a yield sign shall in obedience to such sign slow down to a speed reasonable for the existing conditions, and if required for safety to stop, shall stop at a clearly marked stop line before entering the crosswalk on the near side of the intersection.
 "After slowing or stopping, the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time such driver was moving across or within the intersection, provided, however that if a driver is involved in a collision with a vehicle in the intersection . . . after driving past a yield sign without stopping, such collision shall be deemed prima facie evidence of her failure to yield the right of way.
 "A person operating a motor vehicle in a business parking lot has a right to assume that other persons also using the parking lot will obey the law, and she has a right to proceed on such assumption until the contrary is clearly evident to her or, by the exercise of reasonable care, should have been clearly evident to her."
These instructions substantially covered the requested "Rules of the Road" instructions as guidelines in determining negligence, and Dale's argument on this point presents no error.
In her argument that the trial court erred in denying her motion for J.N.O.V., Dale argues that the collision, which followed Kelly's failure to stop at the yield marker, constitutes prima facie evidence of Kelly's negligence. Dale then argues that Kelly did not overcome this prima facie case by presenting substantial evidence that she was not negligent.
Questions regarding the breach of the duty of care are generally for the jury. Sungas, Inc. v. Perry, 450 So.2d 1085
(Ala. 1984). Kelly testified that she approached the intersection slowly and looked both ways before entering it. In light of all the evidence, the trial court did not err in denying the motion for J.N.O.V.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] Pamela Dale's husband Mike Dale sued also, alleging loss of consortium. His claim is derivative, and we need not discuss it separately.