COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Bray and Senior Judge Duff
Argued at Alexandria, Virginia


LYNN B. HAACK

v.      Record No. 1543-95-4                 MEMORANDUM OPINION[*] BY
                                             JUDGE CHARLES H. DUFF
FAIRFAX COUNTY                                    JULY 2, 1996


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      J. Howe Brown, Judge

        Mark J. Yeager for appellant.

        Monica S. McElyea, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


    Lynn B. Haack (appellant) appeals from a judgment of the

Circuit Court of Fairfax County finding her guilty of driving

while intoxicated in violation of a Fairfax County ordinance.[1]

Appellant argues that the trial court should have excluded the

certificate of analysis resulting from appellant's breath test

because she did not operate a vehicle upon a "highway" as defined

by Code § 46.2-100, thus triggering the application of Virginia's

implied consent law.  We disagree and affirm appellant's

conviction.

    "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

--------------------------------------------------

[*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

[1]The section under which appellant was convicted, Fairfax
County Code § 82-1-6, adopted and incorporated by reference
Virginia Code §§ 18.2-266 and 18.2-268.2.

inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  So viewed, the facts proved that Officer Kiernan of the Fairfax County Police stopped appellant for driving erratically at approximately 12:10 a.m. on September 30, 1994.  The road upon which appellant was travelling was a two lane "service road" connecting Route 29 to a shopping center.  The road was open to the public and provided access to the parking lot and the adjoining road.  Kiernan testified that the road was a "highway."[2]  On cross-examination, Kiernan said he was not sure whether the "service road" was a "public highway."

Kiernan arrested appellant for driving while intoxicated at 12:37 a.m., after she performed unsatisfactorily on field sobriety tests.  Appellant elected the breath test.  The certificate of analysis indicated appellant's blood alcohol concentration was .21 percent.

Virginia's implied consent law applies to "[a]ny person, whether licensed by Virginia or not, who operates a motor vehicle upon a highway, as defined in § 46.2-100, in this Commonwealth . . . if he is arrested for violation of § 18.2-266 or § 18.2-266.1 or of a similar ordinance within two hours of the

---

[2]Appellant argues that the trial court erroneously admitted Kiernan's opinion testimony that the road was a "highway." Because this was not an issue raised in the petition for appeal and granted by this Court, we do not address it.  See Cruz v. Commonwealth, 12 Va. App. 661, 664, n.1, 406 S.E.2d 406, 407, n.1 (1991).

alleged offense."  Code § 18.2-268.2.  Code § 46.2-100 defines a

"highway" as

the entire width between the boundary lines
of every way or place open to the use of the
public for purposes of vehicular travel in
the Commonwealth, including the streets and
alleys, and, for law-enforcement purposes,
the entire width between the boundary lines
of all private roads or private streets which
have been specifically designated "highways"
by an ordinance adopted by the governing body
of the county, city, or town in which such
private roads or streets are located.

"[T]he test for determining whether a way is a 'highway'

depends upon the degree to which the way is open to public use

for vehicular traffic."  Furman v. Call, 234 Va. 437, 439, 362

S.E.2d 709, 710 (1987) (citing Kay Management v. Creason, 220 Va.

820, 831-32, 263 S.E.2d 394, 401 (1980)).  The Furman Court

concluded that, although posted with signs stating "private

property" and "no soliciting," a condominium parking lot was a

"highway" because public access to the lot was unrestricted.

In Coleman v. Commonwealth, 16 Va. App. 747, 750, 433 S.E.2d

33, 35 (1993), we found a road located inside a federal enclave

to be a "highway" within the definition of Code § 46.2-100.  We

noted that the minimal restriction provided by the continuously

manned security gates at the entrances to the enclave "in no way

constitute[d] an appropriation of the property to private use."

Coleman, 16 Va. App. at 749, 433 S.E.2d at 35.

Here, the evidence demonstrated that the road upon which

appellant travelled when Kiernan stopped her was open for use by

the public.  It provided unrestricted vehicular access to a shopping center from a thoroughfare.  Thus, the road was a "highway" as defined in Code § 46.2-100, and Virginia's implied consent statute applied to appellant when she drove upon it. Consequently, the trial court did not err in admitting the certificate of analysis.

<u>Affirmed</u>.