COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


JASON ROBERT MURRAY
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 2142-96-4    JUDGE JOHANNA L. FITZPATRICK
                                      NOVEMBER 4, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                      James L. Berry, Judge

          (Marilyn Ann Solomon, on briefs), for
          appellant.  Appellant submitting on brief.

          John K. Byrum, Jr., Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.



     Jason Robert Murray (appellant) appeals his conviction of

operating a motor vehicle in violation of Code § 18.2-266.  He

contends the trial court erred by admitting into evidence the

certificate of breath alcohol analysis because (1) he was

improperly advised of the implied consent law, and (2) the

certificate was erroneous on its face.  Finding no error, we

affirm.

     On the night of January 6, 1996, Deputy Richardson of the

Frederick County Sheriff's Office was traveling on Route 136 when

he saw, from a distance of fifty to sixty yards, appellant's

vehicle attempting to exit the White Oak Store and Campground

parking lot, located on the corner of Route 277 and Route 136.

The parking lot previously had an exit onto Route 136, but on

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

January 6, 1996, the exit was merely a ditch and could no longer be used as an exit onto the roadway. However, the parking lot was freely open to the public with no impediments to access.

Richardson testified that heavy snow obscured the ditch and obscured the fact that it was not an exit. Appellant's car became stuck in the ditch and never left the parking lot. When Richardson reached appellant, he was outside the car and smelled of alcohol. Appellant admitted he had consumed about five beers in six hours. His eyes were bloodshot, and he was talkative but polite.

Richardson administered a series of field sobriety tests and placed appellant under arrest and read him the implied consent law. The results of these tests were inconclusive because of the weather conditions. Appellant submitted to a breath test. The language of the certificate of analysis indicated appellant's alcohol level was ".10% grams." Richardson testified that it was a clerical mistake to add the "%" sign and that the true reading of appellant's alcohol level was ".10."

At trial on August 21, 1996, appellant moved to suppress the certificate of blood alcohol analysis because (1) it was improperly obtained following notice of the implied consent law because appellant was stopped on private property; and (2) the breath reading was well below the statutory presumption of intoxication. The court denied appellant's motion and submitted the case to the jury. Appellant was convicted of DUI in

violation of Code § 18.2-266.

Appellant first contends that he was not subject to the implied consent law contained in Code § 18.2-268.2 because he was not "upon a highway, as defined in § 46.2-100."

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). So viewed, the evidence proved that appellant drove into a ditch alongside a parking lot. The lot "was freely open to the public with no impediments to access to the parking lot." The parking lot connects a store and campground with Route 277.

Code § 46.2-100 defines a "highway" as

> the entire width between the boundary lines
> of every way or place open to the use of the
> public for purposes of vehicular travel in
> the Commonwealth, including the streets and
> alleys, and, for law-enforcement purposes,
> the entire width between the boundary lines
> of all private roads or private streets which
> have been specifically designated "highways"
> by an ordinance adopted by the governing body
> of the county, city, or town in which such
> private roads or streets are located.

"[T]he test for determining whether a way is a 'highway' depends upon the degree to which the way is open to public use for vehicular traffic." Furman v. Call, 234 Va. 437, 439, 362 S.E.2d 709, 710 (1987) (citation omitted) (concluding that, although posted with signs stating "private property" and "no soliciting," a condominium parking lot was a "highway" because

3

public access to the lot was unrestricted).  See also Coleman v. Commonwealth, 16 Va. App. 747, 433 S.E.2d 33 (1993) (holding that a restricted road located inside a federal enclave was a "highway" within the definition of Code § 46.2-100).

Here, the evidence demonstrated that the road upon which appellant travelled when Deputy Richardson approached him was open for use by the public.  It provided unrestricted vehicular access to a store and campground from a thoroughfare.  Thus, the road was a "highway" as defined in Code § 46.2-100, and Virginia's implied consent statute applied to appellant when he drove upon it.  Consequently, the trial judge did not err in admitting the certificate of analysis.

Appellant next argues that the certificate of analysis should have been suppressed because it contained an error on its face.  In order to rely on the rebuttable presumption contained in Code § 18.2-266, the Commonwealth must establish that a driver "has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test."  (Emphasis added.).  While the certificate of blood alcohol analysis indicated an alcohol content of ".10% grams per 210 liters of breath," Richardson testified that he mistakenly included the percent sign on the certificate, that it was a clerical mistake, and that appellant's true "reading from the machine was .10" grams per 210 liters of breath.

Viewed in the light most favorable to the Commonwealth, Martin, 4 Va. App. at 443, 358 S.E.2d at 418 (1987), the evidence established that Richardson properly performed the breath test, and the actual result comports with the statutory requirements.

Appellant cites no case law or other authority for his assertion that because Richardson "admitted that he made a mistake when he recorded the breath test results . . . the Certificate was erroneous on its face and should not have been submitted to the jury." Appellant does not contest Richardson's qualifications or assert that the test was not properly performed. As a qualified breath test operator, Richardson sufficiently explained the reason for the initial error and testified as to the true test results. Accordingly, the trial judge did not err in admitting the certificate upon which the jury was entitled to rely.

Affirmed.