COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Senior Judge Cole
Argued by teleconference


VICKY WOLFORD WHITE

MEMORANDUM OPINION[*] BY
v.    Record No. 0591-99-3       JUDGE LARRY G. ELDER
                                    FEBRUARY 15, 2000
CITY OF LYNCHBURG


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Darren Shoen, Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

(Mark B. Arthur, Assistant Commonwealth's
Attorney; Office of the Commonwealth's
Attorney, on brief), for appellee.


Vicky Wolford White (appellant) appeals from her bench trial

conviction for driving under the influence of alcohol pursuant to

Lynchburg Ordinance § 25-162, which roughly parallels the language

of Code § 18.2-266.  On appeal, she contends that the trial court

erred in admitting the certificate of analysis showing her blood

alcohol content because she was driving on private property rather

than a "highway" as defined in Code § 46.2-100 and, therefore, did

not impliedly consent to the taking of her blood and analysis of

her blood alcohol content.  We hold that the parking lot in which

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

she was observed driving was not a "highway" within the meaning of Code § 46.2-100, and we reverse her conviction.

Code § 18.2-268.2(A) provides in relevant part as follows:

> Any person . . . who operates a motor vehicle upon a highway, as defined in § 46.2-100, in this Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is arrested for violation of § 18.2-266 or § 18.2-266.1 or of a similar ordinance . . . .

Code § 46.2-100 defines a highway as "the entire width between the boundary lines of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys."[1]  "The definition of 'highway' includes 'ways on private property that are open to public use for vehicular travel.'"  Mitchell v. Commonwealth, 26 Va. App. 27, 31, 492 S.E.2d 839, 841 (1997).  Therefore, "for purposes of determining whether roads are private (and thus exempt from application of enforcement of the motor vehicle laws) or a 'highway' (and not exempt from enforcement of the motor vehicle laws), courts must focus 'upon the degree to which the way is open

---

[1] That code section also defines "highway" to include, "for law-enforcement purposes, the entire width between the boundary lines of all private roads or private streets which have been specifically designated 'highways' by an ordinance adopted by the governing body of the county, city, or town in which such private roads or streets are located."  The record contains no evidence that Lynchburg has adopted such an ordinance.

to public use for vehicular traffic.'"  Id. at 33, 492 S.E.2d at 842 (quoting Furman v. Call, 234 Va. 437, 439, 362 S.E.2d 709, 710 (1987)).

Our recent holding in Roberts v. Commonwealth, 28 Va. App. 401, 504 S.E.2d 890 (1998), compels the conclusion that the apartment complex parking lot in which appellant drove was not a "highway" for purposes of the implied consent statute.  Roberts involved the arrest of a driver in a convenience store parking lot.  See id. at 402, 504 S.E.2d at 890.  Roberts presented evidence that the convenience store property was accessible to the public but was privately owned and that access was restricted to those entering to do business with the convenience store.  See id. at 403, 504 S.E.2d at 891.  The manager testified that she was authorized to ask persons to leave the property, including the parking lot, and that she previously had requested police assistance to remove people from the property, some of whom were charged with trespassing.  See id.  "Based upon the restricted public access to the premises," we held that "the [convenience store] parking lot . . . was not a 'highway' as defined by Code § 46.2-100."  Id. at 406, 504 S.E.2d at 892.  Compare id. with Kay Management Co. v. Creason, 220 Va. 820, 830, 263 S.E.2d 394, 401 (1980) (holding that roadway within apartment complex was a highway within the meaning of Code § 46.1-1(10), a predecessor to Code § 46.2-100, because "[t]here [was] no evidence that the . . . roadways of the complex were restricted exclusively to the private

use of the apartment dwellers or those persons who visited them");

Furman, 234 Va. at 440-41, 362 S.E.2d at 711 (holding that lot in condominium office complex was a highway because, although it was posted with "Private Property" and "No Soliciting" signs, "[a]ccess to the public ha[d] never been denied by guards, gates, or any other device" and was "full and unrestricted"); Mitchell, 26 Va. App. at 29, 492 S.E.2d at 839-40 (holding that road in mobile home complex was a highway because it was open for use by public vehicular traffic, it was not posted, and persons who drove on it were not arrested for trespassing).

The facts in appellant's case closely resemble those in Roberts. Although physical entry into the Greenfield Apartments parking lot was not restricted by gates or other physical barriers, clearly posted signs prohibited trespassing and loitering. Rather than simply relying on the police to enforce this no trespassing policy, as the merchant in Roberts did, the apartment complex's owner took the additional step of employing private security guards like Scott Bradner, the guard who approached appellant, to patrol the lot and take action against trespassers. That Bradner typically waited a few minutes before approaching a person entering the parking lot to determine whether he or she was a trespasser rather than a resident or guest does not negate this determination.

Therefore, the implied consent statute, Code § 18.2-268.2, did not justify admission of the certificate of analysis into

- 4 -

evidence.  However, because neither Virginia's DUI statute nor the related Lynchburg ordinance under which appellant was charged requires that the act of driving occur in any particular place, such as on a highway, see Gray v. Commonwealth, 23 Va. App. 351, 352-53, 477 S.E.2d 301, 302 (1996), our ruling does not prevent appellant's prosecution for the charged offense.  We therefore reverse appellant's conviction and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.