COURT OF APPEALS OF VIRGINIA


Present: Judge Humphreys, Senior Judges Hodges and Overton
Argued at Chesapeake, Virginia


GEORGE LEONARD UNDERWOOD

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1805-99-2       JUDGE ROBERT J. HUMPHREYS
                                           JUNE 13, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Timothy J. Hauler, Judge

            Aubrey R. Bowles, IV (Bowles & Bowles, on
            brief), for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


    The appellant, George Leonard Underwood, was convicted in a

bench trial of driving a motor vehicle "on the highways of the

Commonwealth" after being declared a habitual offender pursuant

to Code § 46.2-357(A).  At trial, Underwood stipulated that he

drove a motor vehicle and that, at the time he did so, his

privilege to drive had been suspended pursuant to an order

declaring him to be a habitual offender.  The sole issue for the

trial court and for this Court on appeal is whether Underwood's

driving of a motor vehicle took place on a "highway of the

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Commonwealth."  For the following reasons, we affirm Underwood's conviction.

A police officer observed appellant driving on a marked roadway of Chesterfield Towne Center, a shopping center.  When questioned by police, appellant admitted driving but said, "I didn't think you could catch me in a parking lot."  The roadway was marked for two lanes of travel and was controlled with stop signs.

Code § 46.2-100 defines "highway" as:

> the entire width between the boundary lines
> of every way or place open to the use of the
> public for purposes of vehicular travel in
> the Commonwealth, including the streets and
> alleys, and for law enforcement purposes,
> the entire width between the boundary lines
> of all private roads or private streets
> which have been specifically designated
> "highways" by an ordinance adopted by the
> governing body of the county, city or town
> in which such private roads or streets are
> located.

Underwood argues that the roadway through Chesterfield Towne Center is not a "way or place open to the use of the public for vehicular travel," but rather private property subject to public access being restricted by its owner.

"[T]he test for determining whether a way is a 'highway' depends upon the degree to which the way is open to public use for vehicular traffic."  Furman v. Call, 234 Va. 437, 439, 362 S.E.2d 709, 710 (1987) (citing Kay Management v. Creason, 220 Va. 820, 831-32, 263 S.E.2d 394, 401 (1980)).

- 2 -

The Supreme Court of Virginia in Prillaman v. Commonwealth, 199 Va. 401, 100 S.E.2d 4 (1957), found that where premises are open only for private business purposes and where the owner has complete control over their use, a parking lot is not a public highway.

In Kay Management, 220 Va. at 831-32, 263 S.E.2d at 401-02, the Supreme Court of Virginia considered whether motor vehicle laws applied to roads in an apartment complex for purposes of recovery in a personal injury action. In distinguishing the facts from those in Prillaman, the Court held that "the evidence of accessibility to the public for free and unrestricted use gave rise to a prima facie presumption that the streets of [the apartment complex] were highways within the definition of [the Virginia Code]." Id. at 832, 263 S.E.2d at 402. The Court found that the defendant was unable to rebut this presumption by merely showing that the tenants had primary access to the property. See id. The Court found that the streets were neither used exclusively by the owners nor limited to those to whom the owner had granted permission. See id.

In Furman, the Supreme Court considered the question again in a case involving an office complex parking lot where privately owned roads in and surrounding a parking area "have always been open to the public 24 hours a day, seven days a week" and "[a]ccess by the public has never been denied by guards, gates, or

any other device." 234 Va. at 440-41, 362 S.E.2d at 711. The Furman Court found that even though the lot was posted with signs stating "Private Property, No Soliciting," the lot was a highway within the statutory definition because public access was "full and unrestricted." See id. at 441, 362 S.E.2d at 711.

In Flinchum v. Commonwealth, 24 Va. App. 734, 485 S.E.2d 630 (1997), and again in Roberts v. Commonwealth, 28 Va. App. 401, 504 S.E.2d 890 (1998), we held that a parking lot containing no marked lanes of traffic or traffic control signs, was not a "highway of the Commonwealth."

In the present case, the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that appellant drove on a road within a parking lot, which although privately owned, was marked as a two-lane roadway, was governed by signs for traffic control, and was open to the public at all times. Therefore, we find that the trial court did not err in finding that appellant drove upon a "highway of the Commonwealth," and we affirm appellant's conviction of driving after being declared a habitual offender.

Affirmed.