# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Jason A. Wood

May 9, 2007

Case No. 06-825

BY JUDGE EDWARD L. HOGSHIRE

On April 9, 2007, the Defendant, Jason A. Wood, appealed his conviction for Driving While Intoxicated, Va. Code Ann. § 18.2-266, arguing that, because he was not operating his vehicle on a "public highway" when approached by police, Virginia's implied consent law, Va. Code Ann. § 18.2-268.2, did not apply in his case; thus, the results of the breath test conducted on him by police pursuant to that provision should not be admitted at the trial of his appeal, without which, the evidence is insufficient to convict. For the reasons stated below, the Court holds that, although the implied consent law does not apply, even absent test results, the evidence is more than sufficient to convict the Defendant.

*Standard of Review*

Any appeal taken from a conviction in courts not of record to courts of record shall be heard *de novo*. Va. Code Ann. § 16.1-136. The appeal is in effect a statutory grant of a new trial to the accused. *Gaskill v. Commonwealth*, 206 Va. 486, 490 (1965).

*Statement of Facts*

At 2:26 a.m. on Thursday, May 18, 2006, Officer G. D. Slaughter of the Charlottesville Police Department approached a vehicle parked in a marked parking space at the Harris Teeter in the Barracks Road Shopping Center. Signs posted at the entrances and throughout the parking area adjacent to the Harris Teeter indicate that use is restricted to customers "while shopping" only, is not open to "off-site event parking," and that "unauthorized vehicles will be towed at owners' risk and expense." The signs further state that the lot is not available for "commuter or overnight parking" and that loitering, soliciting, and handbilling are prohibited. According to police testimony, owners of the lot have brought trespassing charges against persons in connection with their occupancy of the parking lot.

Upon approaching the vehicle, Officer Slaughter noticed that it was running and the driver's side door was open, but the driver, Defendant Jason Wood, appeared to be passed out in the driver's seat. The officer noticed a strong smell of alcohol emanating from the Defendant, so he asked him to perform three field sobriety tests, which he failed. Defendant then was given an alcosensor test and arrested for Driving While Intoxicated, Va. Code Ann. § 18.2-266.

*Analysis*

In Virginia, any person driving on a "highway" impliedly consents to having samples of his breath taken to determine the alcohol content of his blood after a lawful arrest for driving while intoxicated. Va. Code Ann. § 18.2-268.2. For the purposes of this section, "highway" is defined as "the entire width between boundary lines of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys. . . ." Va. Code Ann. § 46.2-100. "[T]he test for determining whether a way is a 'highway' depends upon the degree to which the way is open to public use for vehicular traffic." *Furman v. Call*, 234 Va. 437, 439 (1987) (citing *Kay Mgmt. v. Creason*, 220 Va. 820, 831–32 (1980)). Key to this determination is whether the roadway in question is "intended for the use of the public generally," or whether it is open to the public via a revocable invitation of the owner "for private business purposes and for [the owner's] benefit." *Prillaman v. Commonwealth*, 199 Va. 401, 407–08 (1957).

The Virginia Supreme Court has made clear that the burden of establishing whether a roadway is a "highway" for purposes of sustaining a criminal conviction is on the Commonwealth and that only a "sufficient

showing of unrestricted access" will give rise to a rebuttable presumption that the way is a "highway." *See Kay Mgmt.*, 220 Va. at 832. This showing must rely on more than the mere fact that a roadway is not blocked by a physical barrier, *Caplan v. Bogard*, 264 Va. 219, 227 (2002), and may include evidence of traffic or other signage, or lack thereof, *see Furman*, 234 Va. at 440–41; *Kay Mgmt.*, 220 Va. at 830, although that, too, is not dispositive, *see Roberts v. Commonwealth*, 28 Va. App. 401, 405–06 (1998). Once sufficient evidence is presented, the burden shifts to the defendant to rebut the presumption by showing that the area was open only to those with "express or implied permission from the owners." *Kay Mgmt.*, 220 Va. at 832.

Applying this test, Virginia courts have held that a gas station parking lot does not constitute a "highway," *Prillaman*, 199 Va. at 407, and that neither does a lot in front of a convenience store, *Roberts v. Commonwealth*, 28 Va. App. 401, 406 (1998); *see also Edwards v. City of Virginia Beach*, No. 2751-00-1, 2001 Va. App. LEXIS 522, at *12 (holding that a parking lot in front of a fast food restaurant "was only an access to the business, not a thoroughfare for general vehicular traffic" and thus, was not a "highway"). Similarly, a shopping center parking lot was found to be outside the statutory definition of "highway," the court noting that "no trespassing" signs posted in the lot "clearly served to 'prohibit . . . the entry of motor vehicles operated by members of the public'." *Flinchum v. Commonwealth*, 24 Va. App. 734, 737 (1997). *But cf. Furman*, 234 Va. at 441 (noting that signs stating "Private Property: No Soliciting" on the roadway in question were intended "to prohibit soliciting, not the entry of motor vehicles operated by members of the public."). Indeed, in holding that roadways are not "highways" under Section 46.2-100, courts have been persuaded by evidence that owners of the property in question have asserted their rights to restrict public access by removing trespassers. *See e.g., Roberts*, 28 Va. App. at 403 (crediting testimony of a convenience store operator that she "was authorized to ask persons to leave the . . . property" and had previously "called the police to remove persons from the store premises"); *White v. City of Lynchburg*, No. 0591-99-3, 2000 Va. App. LEXIS 97, at *5–*6 (2000) (noting that the owner of the roadway in question "clearly posted signs prohibiting trespassing and loitering" and enforced the policy by employing private security guards "to patrol the lot and take action against trespassers").

In contrast, where no evidence, such as "security guards, gates, or warning signs," was presented to rebut a showing that well-defined, marked, paved, and named roads surrounding a thirty-building apartment complex were not "open to public use for vehicular traffic," the court held them to be "highways." *Kay Mgmt.*, 220 Va. at 830; *see also Furman*, 234 Va. at 440–41.

Similarly, roads running through a mobile home complex, found to be "open to the unrestricted use of the public," have been deemed "highways," *Mitchell v. Commonwealth*, 26 Va. App. 27, 34 (1997), as have roads running through shopping centers that are "clearly marked for two lanes of travel and [are] controlled with stop signs," *Underwood v. Commonwealth*, No. 1805-99-2, 2000 Va. App. LEXIS 432, at *2 (2000).

In case at bar, assuming *arguendo* that the Commonwealth could succeed in meeting its burden of demonstrating that the Barracks Road Shopping Center parking lot, specifically, the *parking lot* in front of the Harris Teeter, was "consistently" used by "non-patrons of the store . . . as a public thoroughfare," *Denby v. Silverman*, 14 Va. Cir. 373, 375 (1965), there is ample evidence to rebut a presumption that this particular lot is a public highway. The lot was clearly designed to facilitate entrance to and egress from the store, and ample signage makes clear that the owners of the parking lot offer it to patrons alone. The arresting officer testified that owners exercised their right to revoke permission to park on the lot. Further, the fact that the lot is accessible twenty-four hours a day is merely incident to the fact that the Harris Teeter is open for business commensurately; it does not lead to the conclusion that the owners of the roadway could not or would not "close their doors and bar the public from vehicular traffic at will," as asserted by the Commonwealth. *See* Letter in Op. to Def's Mot. to Exclude Evidence at 2. Similarly, the fact that traffic lights regulate one entrance into the shopping center from a public highway is not enough to demonstrate that this particular lot is also a public highway. *See Caplan*, 264 Va. at 221–23, 228–29. Finally, in the case at bar, the Defendant's vehicle was appropriately parked in a designated parking space when police arrived and was not seen traveling in any of the traffic lanes within the shopping center.[1]

Thus, under the unique facts presented, specifically the location of the parked vehicle within the lot immediately adjacent to the Harris Teeter store, the Court finds that, when the Defendant was found behind the wheel, he was not on a "public highway" as defined by state law; consequently, application of the implied consent statute, Va. Code Ann. § 18.2-268.2, is inappropriate

---

[1] Though this fact informs the Court's decision, it should not be taken as a holding that the traffic lanes traversing the shopping center are necessarily "public highways" for the purpose of the implied consent statute. The Court is expressly reserving judgment on that question as it is not at issue in this case.

and the Defendant was not obliged to submit to a breath test. Accordingly, the results of that test are inadmissible against him and were not considered by the Court.

## Conclusion

Notwithstanding the foregoing finding, given the totality of the circumstances, including the Defendant's condition when approached by police, his statements, and performance on the field sobriety tests, and the strong odor of alcohol detected by the officer, the Court believes the evidence is sufficient to find him guilty of Driving While Intoxicated under the provisions of Va. Code Ann. § 18.2-266.

The Court requests that counsel confer with Ms. Young regarding the scheduling of a hearing to finalize the conviction and to impose sentence.