COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Willis
Argued at Salem, Virginia


RUFUS EUGENE FLINCHUM, JR.
                                          OPINION BY
v.        Record No. 1891-96-3    CHIEF JUDGE NORMAN K. MOON
                                          MAY 27, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                        Ray W. Grubbs, Judge

            (Robert M. Jenkins; Jenkins & Jenkins, on
            brief), for appellant.

            (James S. Gilmore, III, Attorney General;
            Kathleen B. Martin, Assistant Attorney
            General, on brief), for appellee.  Appellee
            submitting on brief.


     Rufus Eugene Flinchum, Jr. appeals his conviction of driving
after having been declared an habitual offender in violation of
Code § 46.2-357.  Flinchum asserts that the trial court erred in
finding that he was operating his vehicle on a "highway" as
defined by Code § 46.2-100.  We agree and reverse.

     On November 1, 1995, Officer Dalton Reid of the
Christianburg Police Department observed a vehicle "doing
doughnuts" in the parking lot of a sporting goods store at 9:00
p.m.  He then observed the vehicle drive from the sporting goods
parking lot into an adjacent parking lot in front of a car repair
business.  Reid testified that he did not see the vehicle drive
on Route 11, which runs in front of both businesses.
Subsequently, Flinchum was determined to be the operator of the
vehicle and was arrested for driving a vehicle after having been

declared an habitual offender.

At trial, Flinchum testified that he had not driven on Route 11 and that he had only driven in the parking lots of the sporting goods store and the repair business. A "no trespassing" sign was posted on the auto shop's property.

> Code § 46.2-100 defines "highway" as:
> The entire width between the boundary lines
> of every way or place open to the use of the
> public for purposes of vehicular travel in
> the Commonwealth, including the streets and
> alleys, and, for law enforcement purposes,
> the entire width between the boundary lines
> of all private roads or private streets which
> have been specifically designated "highways"
> by an ordinance adopted by the governing body
> of the county, city, or town in which such
> private roads or streets are located.

"[T]he test for determining whether a way is a `highway' depends upon the degree to which the way is open to public use for vehicular traffic." Furman v. Call, 234 Va. 437, 439, 362 S.E.2d 709, 710 (1987) (citing Kay Management v. Creason, 220 Va. 820, 831-32, 263 S.E.2d 394, 401 (1980)). In Kay Management, the Court held that "evidence of accessibility to the public for free and unrestricted use gave rise to a prima facie presumption" that the streets in an apartment complex, which were privately owned and maintained, were "highways" for law enforcement purposes. 220 Va. at 832, 263 S.E.2d at 402.

The Court reached the same conclusion in Furman where it considered whether the parking area of a condominium office complex was encompassed within the legal definition of highway. 234 Va. at 439, 362 S.E.2d at 710. The Furman Court found that

- 2 -

even though the lot was posted with signs stating "Private Property" and "No Soliciting," the lot was a highway within the meaning of the statutory definition because public access was unrestricted.  Id. at 441, 362 S.E.2d at 711.  The Court noted that "[t]he roads around and in the complex . . . have never been closed to the public; the complex is open for vehicular traffic 24 hours a day, seven days a week.  No guard or barricade system prevents the public from driving at will through the complex." Id. at 438, 362 S.E.2d at 710.  The Court further noted that "[t]he only signs read: `Private Property, No Soliciting.' Clearly the purpose of the signs is to prohibit soliciting not the entry of motor vehicles operated by members of the public." Id. at 441, 362 S.E.2d at 711.

However, in Prillaman v. Commonwealth, 199 Va. 401, 100 S.E.2d 4 (1957), the Supreme Court held that a gas station lot was not a highway within the meaning of the statutory definition.  In Prillaman, the defendant drove his car from the rear to the front of a service station lot.  The Court found that the lot was not open to the public; instead it determined that "the premises . . . were open to the public upon [the owner's] invitation.  The invitation was for private business purposes and for his benefit.  He had the absolute right at any time to terminate or limit this invitation.  He could close his doors and bar the public or any person from vehicular travel on all or any part of his premises at will.  He had complete control over their use."  Id. at 407–08, 100 S.E.2d at 8-9.

Unlike Prillaman, the Furman and Kay Management decisions were not based solely on the statutory definition of highway. Instead, these decisions employed a broader consideration of public access and use.[1]  However, while broadening the scope of review, Furman and Kay Management did not reverse Prillaman, and in fact Furman observed that Prillaman "discussed public maintenance and common enjoyment in evaluating whether a way is a `highway.'"  Furman, 234 Va. at 440, 362 S.E.2d at 711.

Here, the facts are similar to those of Prillaman.  In accord with Prillaman's consideration of the public access and use factors that controlled in Furman and Kay Management, we hold that the lots traversed by Flinchum were not "highways" within the statutory meaning of that term.  The sporting goods' and repair business' parking lots were not open to the public at all times, but instead "were open to the public upon . . . invitation."  Prillaman, 199 Va. at 407, 100 S.E.2d at 8.  This intent was demonstrated by the posted "no trespassing" sign, which clearly served to "prohibit . . . the entry of motor vehicles operated by members of the public."  Furman, 234 Va. at 441, 362 S.E.2d at 711.  Further, either of the businesses "could close [their] doors and bar the public or any person from

_____

[1] The Furman Court observed that "[a]lthough the Prillaman Court discussed public maintenance and common enjoyment in evaluating whether a way is a `highway,' that language is dicta.  The case was decided solely on the basis of the statutory definition of `highway,' which requires only that the way be `open to the use of the public for purposes of vehicular travel.'"  234 Va. at 440, 362 S.E.2d at 711.

vehicular travel on all or any part of [their] premises at will."
Prillaman, 199 Va. at 408, 100 S.E.2d at 9.

Therefore, we hold that the parking lots upon which Flinchum traversed were improperly classified as "highways" under Code § 46.2-100, and accordingly, we reverse.

Reversed.