COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


RAY MILTON PENNINGTON, III
                              MEMORANDUM OPINION[*] BY
v.   Record No. 0559-99-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                  FEBRUARY 29, 2000
TOWN OF FRONT ROYAL


            FROM THE CIRCUIT COURT OF WARREN COUNTY
                    Dennis L. Hupp, Judge

        Franklin B. Reynolds, Jr., for appellant.

        John B. Arledge (Smith and Davenport, on
        brief), for appellee.


     Ray Milton Pennington, III, (appellant) was convicted in a

jury trial of driving under the influence of alcohol, third

offense, in violation of Front Royal Town Ordinance 156-8.  On

appeal, he contends that:  (1) the certificate of blood alcohol

analysis was inadmissible; (2) evidence of his two prior

convictions of driving under the influence of alcohol violated

due process; (3) the evidence was insufficient to support the

conviction; (4) his post-trial request for two subpoenas duces

tecum should have been granted; and (5) the enhanced punishment

for a third offense was constitutionally impermissible.  For the

following reasons, we affirm.

_____

        [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Town of Front Royal (Town), the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). So viewed, the evidence established that on October 10, 1997, at approximately 2:00 a.m., Officer Charles Robinson (Robinson) was conducting a business check at the Grapevine Restaurant in the Town of Front Royal. While standing in the front parking lot of the restaurant, Robinson saw a truck turn into the lot, pass by him, and strike one of the supports on the building. Although the officer did not see the driver of the truck as it entered the parking lot, he immediately approached the vehicle and discovered appellant behind the wheel. Robinson testified: "As I approached the vehicle, on the driver's side coming up from the rear, I observed [appellant] sitting behind the driver's seat." The officer did not see anyone else get out of the truck or any other vehicles in the parking lot.

Robinson asked appellant to get out of the truck, and he "immediately detected a strong odor of an alcohol beverage coming from [appellant's] breath." The officer administered a preliminary breath test and asked appellant to perform various field sobriety tests, which appellant failed to complete satisfactorily. After being advised of the implied consent law

-

and Miranda rights, appellant agreed to take a breathalyzer test, which indicated a blood alcohol concentration of 0.19. At no time during the investigation did appellant state that another person was driving the truck.

At trial, the Town presented the testimony of Officer Robinson, Kirk Kensy (Kensy) and Robert Bird (Bird). Kensy and Bird, who lived in the apartment above the Grapevine Restaurant, heard the truck strike the support post on the building. Bird immediately called 911, but when he saw Officer Robinson outside he told the dispatcher "that there was a police officer on the scene" and hung up the telephone. Neither Kensy nor Bird witnessed any person other than appellant in the truck.

In his defense, appellant called witnesses, including Bruce Hartz (Hartz) and Shawn Hamrick (Hamrick), who testified that Hamrick was driving appellant's truck. Hartz, Hamrick and appellant were drinking at the Mightyfine Restaurant on October 10, 1997. According to Hartz, when the three left the restaurant at approximately 2:00 a.m., "[Hamrick] got behind the driver's seat. [Appellant] got in the passenger's seat of his vehicle. I got into the driver's seat of my vehicle." Hartz watched as Hamrick drove appellant's truck towards the Grapevine Restaurant. Both Hamrick and appellant testified that Hamrick was driving the truck when it entered the parking lot at the Grapevine Restaurant and struck the support post of the building.

-

To support the enhanced punished for a third offense, the Town introduced evidence that on September 27, 1991, appellant was convicted of driving under the influence of alcohol, in violation of Code § 18.2-266.  Additionally, on December 23, 1993, appellant was charged with driving under the influence of alcohol, second offense, in violation of Code § 18.2-266.  That charge was reduced, and appellant was convicted on May 20, 1994 of driving under the influence of alcohol, first offense.[1]

The jury accepted the Town's evidence and rejected appellant's testimony.  Appellant was found guilty of driving under the influence of alcohol, third offense, in violation of Front Royal Town Ordinance 156-8.  In a post-trial motion to set aside the jury's verdict, appellant argued that his 1994 conviction could not be used as one of the predicate offenses because the conviction was based upon an invalid ordinance. Additionally, appellant requested the trial court to issue two subpoenas duces tecum, seeking from the sheriff and police department records of 911 calls and radio transmissions.[2]  The

---

[1] In his post-trial motions and in his brief on appeal, appellant argued that the May 1994 conviction was based upon a violation of Town of Warrenton Ordinance 1993-9 and that the conviction was constitutionally void subject to collateral attack. Throughout the proceedings, the parties mistakenly believed the May 1994 conviction was for a violation of the local ordinance; however, the record before us demonstrates that appellant was convicted for a violation of Code § 18.2-266, a state statute.

[2] Appellant did not include in the Appendix a transcript of the post-trial hearings and, therefore, we are unable to determine what arguments were made at that time.

-

trial court denied appellant's post-trial motion to set aside the verdict and granted the Town's motion to quash the request for subpoenas.

## II.  Certificate of Analysis

At trial, appellant objected to the admission of the certificate of analysis because the officer did not witness appellant operating a motor vehicle "upon a highway."  See Code § 46.2-100.  He contends that Officer Robinson's "testimony could not form a credible basis for . . . finding that Appellant actually operated a motor vehicle at any time . . . ."  He asserts that because no credible evidence established that appellant operated a motor vehicle "upon a highway," the certificate of analysis was inadmissible.  We disagree.

Code § 46.2-100 defines "highway" as:

> [T]he entire width between the boundary
> lines of every way or place open to the use
> of the public for purposes of vehicular
> travel in the Commonwealth, including the
> streets and alleys, and for law enforcement
> purposes, the entire width between the
> boundary lines of all private roads or
> private streets which have been designated
> "highways" by an ordinance adopted by the
> governing body of the county, city, or town
> in which such private roads or streets are
> located.

"[T]he test for determining whether a way is a 'highway' depends upon the degree to which the way is open to public use for vehicular traffic."  Roberts v. Commonwealth, 28 Va. App. 401,

-

403, 504 S.E.2d 890, 891 (1998) (quoting Furman v. Call, 234 Va. 437, 439, 362 S.E.2d 709, 710 (1987)).

We have previously held that a private parking lot of a business is not a "highway" within the meaning of Code § 46.2-100 because "the parking lots were not open to the public at all times, but instead 'were open to the public upon . . . invitation.'" Flinchman v. Commonwealth, 24 Va. App. 734, 737, 485 S.E.2d 630, 631 (1997); see also Roberts, 28 Va. App. at 406, 504 S.E.2d at 892 (holding that a convenience store parking lot was privately owned property and, thus, not a "highway" as defined by Code § 46.2-100).

In the instant case, we do not reach the question whether the Grapevine Restaurant parking lot was a "highway" under Code § 46.2-100. Officer Robinson testified that he witnessed appellant's truck being driven on a public roadway before entry into the parking lot. Shortly thereafter, he approached the truck where he found appellant, the only occupant, sitting in the driver's seat. From this evidence, the trial court concluded that appellant was the person operating the motor vehicle "upon a highway" when the officer saw it travelling on the public road and, thus, the certificate of analysis was properly admitted.

### III. Prior Convictions

Appellant next contends that the trial court erred in admitting his two prior convictions as predicate offenses to the

-

instant charge. He argues that our holding in Farmer v. Commonwealth, 10 Va. App. 175, 390 S.E.2d 775 (1990), was erroneously decided and that the introduction of the predicate offenses violated his right to due process. At trial, appellant did not object to the admission of the two prior convictions and only did so in his post-trial motion.

"In order to be considered on appeal, an objection must be timely made and the grounds stated with specificity." McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (en banc). "To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made." Id. Because the objection was not timely made, Rule 5A:18 bars our consideration of this issue on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exception to Rule 5A:18.

## IV. Sufficiency of the Evidence

Appellant next contends the evidence was insufficient to support his conviction. He argues that the Town's evidence was "internally conflicting as to the amount of time that passed, the location of the police Officer at the time of the crash, and the knowledge of the police Officer of [sic] as to how the incident occurred."

Viewed in the light most favorable to the Town, as the prevailing party below, the evidence established that Officer Robinson saw appellant's truck turn off a public roadway into

-

the parking lot where he was standing.  Although the truck's headlights temporarily blinded him as it passed by, Robinson heard the truck strike a support post of the building.  After the truck stopped, and within a matter of "twenty/thirty seconds," Robinson approached and found appellant sitting in the driver's seat.  Robinson did not see any other vehicles in the parking lot or any other person exit appellant's truck.  Additionally, two other independent witnesses, Kensy and Bird, saw no one but appellant in or exiting appellant's truck.  The Town's witnesses were unanimous in their testimony that appellant was the truck's sole occupant.

The jury believed the Town's evidence and rejected appellant's evidence that Hamrick had been driving the truck. See Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980) (per curiam) ("[E]ven if the defendant's story was not inherently incredible, the trier of fact need not have believed the explanation."); Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.").  The Town's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was driving the truck.

-

V.  Subpoenas <u>Duces</u> <u>Tecum</u>

Appellant next contends the trial court erred in granting the Town's motion to quash his post-trial request for two subpoenas <u>duces</u> <u>tecum</u>.  Approximately three months after trial, appellant filed two requests to be served upon the Sheriff of Warren County and the Front Royal Chief of Police, seeking records of any 911 calls made regarding appellant's arrest.  Appellant also sought records regarding radio transmissions to and from the sheriff and police department.  In its letter opinion, the trial court considered appellant's requests as an attempt to secure new evidence, stating the following:

> It appears to me that the Defendant is seeking to set aside the verdict on grounds of after-discovered evidence.  The evidence sought certainly could have been discovered before trial.  One of the rules governing the use of after-discovered evidence as a basis for setting aside a jury verdict requires that the evidence "be such as could not, by the exercise of diligence, have been discovered before the trial terminated." <u>Pauley v. Commonwealth</u>, 151 Va. 510 at 517-518 (1928). . . .

The trial court concluded appellant had not shown why the evidence could not have been secured prior to trial and, therefore, granted the Town's motion to quash the requests for the subpoenas.

When a defendant seeks to challenge a verdict with "after-discovered" evidence, the decision to set aside the

-

verdict and grant a new trial is left within the sound discretion of the trial judge.

> The [defendant] bears the burden to establish that the evidence (1) appears to have been discovered subsequent to the trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial.

Stockton v. Commonwealth, 227 Va. 124, 149, 314 S.E.2d 371, 387 (1984), cert. denied, 469 U.S. 873 (1984).  Additionally, when seeking exculpatory evidence, a defendant "cannot simply allege the presence of favorable material and win reversal of his conviction.  Rather, a defendant must prove the favorable character of evidence he claims has been improperly suppressed.  Speculative allegations are not adequate."  Hughes v. Commonwealth, 18 Va. App. 510, 526, 446 S.E.2d 451, 461 (1994) (en banc) (citations omitted).

In the instant case, appellant failed to establish why he did not secure the requested evidence prior to trial.  While the Town was obligated to provide appellant with exculpatory evidence known to it under Brady v. Maryland, 373 U.S. 83 (1963), appellant has not alleged that the Town withheld any such evidence.  Finally, appellant did not show that the requested evidence was material to the proceedings.  "A subpoena duces tecum should not be used when it is not intended to

-

produce evidentiary materials but is intended as a 'fishing expedition' in the hope of uncovering information material to the defendant's case." Farish v. Commonwealth, 2 Va. App. 627, 630, 346 S.E.2d 736, 738 (1986). Accordingly, the trial court did not abuse its discretion in granting the Town's motion to quash.

## VI. Void Conviction

Finally, appellant contends that the enhanced punishment, as a third offense, was invalid because it was based upon a prior conviction of driving while intoxicated in violation of Town of Warrenton Ordinance 1993-9, an ordinance that he argues is void. See Town of Madison, Inc. v. Ford, 255 Va. 429, 498 S.E.2d 235 (1998); Pound v. Town of Front Royal, Record No. 2148-96-4 (May 5, 1998) (unpublished). However, the record clearly establishes that appellant was convicted of a state statute and not a local ordinance. The warrant of arrest provides: "[O]n or about DEC. 23, 1993 [appellant] did unlawfully in violation of Section 18.2-266, . . . OPERATE A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL. SECOND OFFENSE IN THE PAST FIVE YEARS." (Emphasis added). Although the warrant was amended to a violation of driving under the influence of alcohol, first offense, there was no amendment regarding the charged violation. Because appellant was convicted of Code § 18.2-266, his constitutional challenge to the Town of Warrenton's local ordinance is without merit.

-

Nonetheless, appellant contends that to attain the "ends of justice," we should consider "the May 20, 1994 conviction as a conviction under the Town of Warrenton local ordinance." He argues that the Town of Warrenton was the prosecuting party, both parties involved believed the warrant charged a violation of the local ordinance, and appellant's driving record indicated that the 1994 conviction was based upon a local ordinance violation. Accordingly, appellant concludes, we should "make a determination that the May 20, 1994 conviction was a conviction under the local Warrenton Ordinance, and therefore Appellant's arguments regarding the voidness of that Ordinance may be considered." Appellant cites no cases in support of this proposition.

Although appellant's driving record indicates that the 1994 conviction was based upon a violation for "LOCAL ORDINANCE: WARRENTON," the order of conviction clearly establishes that appellant was charged and convicted for a violation of the Virginia Code. "When a court not of record tries a defendant on a criminal charge, it is required to memorialize its judgment by setting forth '[the defendant's] plea, [the court's] verdict or findings and the adjudication and sentence." McBride v. Commonwealth, 24 Va. App. 30, 34-35, 480 S.E.2d 126, 128 (1997) (quoting Code § 19.2-307) (other citations omitted) (alterations in original). "A court speaks through its orders and those orders are presumed to accurately reflect what transpired." Id.

-

at 35, 480 S.E.2d at 128 (citations omitted).  Because the record reflects that appellant was found guilty of violating Code § 18.2-266, and at no time was the warrant amended to reflect a violation of the local ordinance, appellant has no basis to challenge that local ordinance.[3]

For the foregoing reasons, appellant's conviction is affirmed.

<u>Affirmed.</u>

---

[3] Assuming, without deciding, that an "ends of justice" exception applies to this situation, we find no reason to invoke it.  "The defendant, having agreed upon the action taken by the trial court [in the May 1994 proceedings], should not be allowed to assume an inconsistent position."  <u>Manns v. Commonwealth</u>, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992).

-