COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


GEORGE JUNIOUS SEABORN
                                                              OPINION
v.        Record No. 1788-08-1              JUDGE RUDOLPH BUMGARDNER, III
                                                          JULY 28, 2009
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Johnny E. Morrison, Judge

          Gregory K. Matthews (Office of the Public Defender, on brief), for
          appellant.

          Karen Misbach, Assistant Attorney General II (William C. Mims, Attorney
          General, on brief), for appellee.


        George J. Seaborn was convicted of operating a motor vehicle after being adjudged an

habitual offender. Code § 46.2-357. On appeal, he contends the evidence was insufficient to prove

he drove on a highway. Concluding that the evidence permitted such a finding, we affirm.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

        A police officer on patrol observed the defendant driving "in the rear of" a privately

owned apartment complex known as "London Oaks." After determining the defendant's license

plates had expired, the officer stopped him "at 1100 block of Mount Vernon Street." On

smelling alcohol on the defendant's breath, the officer directed the defendant to "go over toward

the parking lot and get out of the road" in order to use the parking space line for conducting sobriety tests.

The officer described the area variously:

> "It's a residential area. I mean, you can come through there."

> \*     \*     \*     \*     \*     \*     \*

> "It's in a residential apartment complex. You go through there. You can go – people go – through the apartment complex."

> \*     \*     \*     \*     \*     \*     \*

> "It's an apartment complex. I mean, there's speed bumps and outlets from High Street, and there is an outlet from Mount Vernon [Street]."

There were no gates and no restrictions on the road. The officer did not know whether there were any no trespassing signs, but he acknowledged that he had "trespass authorization."

To be found guilty, the defendant must have operated his motor vehicle "on the highways of the Commonwealth." Code § 46.2-357. "Highway" is defined in Code § 46.2-100 and has been interpreted to include "'ways on private property that are open to public use for vehicular travel.'" Mitchell v. Commonwealth, 26 Va. App. 27, 31, 492 S.E.2d 839, 841 (1997) (quoting Kay Management Co. v. Creason, 220 Va. 820, 832, 263 S.E.2d 394, 401 (1980)).

Two lines of cases have developed from the analysis of whether a private area is a highway under Code § 46.2-100. In Prillaman v. Commonwealth, 199 Va. 401, 100 S.E.2d 4 (1957), the defendant, whose driver's license was suspended, drove across a service station lot. The Court noted that the premises were open to the public at the owner's invitation. However, the invitation was for private business purposes and the owner had the absolute right, at any time, to terminate or limit his invitation. He could bar vehicular travel at will and had complete control of the use of his premises. Id. at 407-08, 100 S.E.2d at 8-9. Thus, the Court held the premises were not "'open to the use of the public for the purpose of vehicular traffic' and were,

therefore, not a 'highway.'" Id. at 408, 100 S.E.2d at 9 (citing former Code § 46-1(8) (1950)).

Accord Flinchum v. Commonwealth, 24 Va. App. 734, 737-38, 485 S.E.2d 630, 631-32 (1997) (finding a parking lot of a sporting goods store was not a highway); Roberts v. Commonwealth, 28 Va. App. 401, 404-06, 504 S.E.2d 890, 891-92 (1998) (finding a parking lot of a convenience store was not a highway).

In Kay Management, 220 Va. 820, 263 S.E.2d 394, the Court held that the rules of the road applied to the streets of an apartment complex because they were "highways." Kay serviced and managed the streets at its expense, but posted traffic signs with direction from the police and fire departments. The streets were paved, curbed, and bordered by sidewalks, and they contained painted lines marking spaces for perpendicular parking. The traveled section of the complex was well defined, and a single short paved street provided the only entrance to the complex.

No evidence indicated that the streets were restricted to the private use of the apartment dwellers or those persons who visited them, nor that access was denied by security guards, gates, or warning signs. The streets may have been intended for the primary purpose of providing parking areas for apartment tenants, but there was no evidence that they were constructed only for this purpose. Id. at 830, 263 S.E.2d at 400-01.

The Court concluded,

> [w]e hold that the evidence of accessibility to the public for free and unrestricted use gave rise to a prima facie presumption that the streets of Barcroft View Apartments were highways within the definition of Code § 46.1-1(10) [currently Code § 46.2-100]. It thereupon became Kay's burden to rebut the presumption by showing that the streets were used for vehicular travel exclusively by the owners and those having either express or implied permission from the owners. No such evidence appears in the record.

Id. at 832, 263 S.E.2d at 402.

Furman v. Call, 234 Va. 437, 439, 362 S.E.2d 709, 710 (1987), again addressed whether an intersection in a condominium parking area was a "highway." The Court concluded that Kay Management controlled and held:

> In the present case, the evidence is undisputed that the roads around and in the condominium complex have always been open to the public 24 hours a day, seven days a week. Access by the public has never been denied by guards, gates, or any other device. The only signs read: "Private Property, *No Soliciting*." (Emphasis added.) Clearly, the purpose of the signs is to prohibit soliciting, not the entry of motor vehicles operated by members of the public.
>
> Because Furman has not rebutted this evidence and the resulting presumption that the public has full and unrestricted access to the parking area, we hold that the area is a "highway" as defined by Code § 46.1-1(10).

Id. at 440-41, 362 S.E.2d at 711.

Mitchell v. Commonwealth, 26 Va. App. 27, 492 S.E.2d 839 (1997), held that roads within a mobile home complex were "highways." The roads in the complex, while private, were open for public use. We found "no evidence in this record proved that the streets . . . were 'restricted exclusively to the private use of the [mobile home] dwellers or those persons who visited them.'" Id. at 34, 492 S.E.2d at 842 (quoting Kay Management, 220 Va. at 830, 263 S.E.2d at 401).

The Kay Management line of cases involves private roads within a privately owned complex that were open to the public for vehicular travel. The Prillaman line of cases involves parking lots that allowed access to commercial establishments but were not streets for vehicular travel. The presumption created in Kay Management has no application in parking lot cases. Roberts and Flinchum, both parking lot cases decided after Kay Management, did not discuss that presumption. Roberts, 28 Va. App. at 403-06, 504 S.E.2d at 891-92 (discussing Kay Management but not applying its presumption of public use); Flinchum, 24 Va. App. at 735-38, 485 S.E.2d at 630-31 (declining to apply the Kay Management presumption of public use).

Kay Management controls here. "[E]vidence of accessibility to the public for free and unrestricted use g[i]ve[s] rise to a prima facie presumption that the streets of [an apartment complex] [a]re highways[.]" Kay Management, 220 Va. at 832, 263 S.E.2d at 402. Cf. Prillaman, 199 Va. at 408, 100 S.E.2d at 9 (service station lot not a highway because "the premises were not open to the use of the public for purposes of vehicular traffic"). Even a street within an apartment complex "intended for the primary purpose of providing parking areas for apartment tenants" is a "highway" if there is no evidence it was constructed "*only* for this purpose." Kay Management, 220 Va. at 830, 263 S.E.2d at 401 (emphasis added).

This case concerns a street within a private residential apartment complex. People traveled through the apartment complex, and there were no gates or restrictions on the road. The officer recalled no traffic signs in the apartment complex but stated that there were "speed bumps and outlets from High Street, and . . . an outlet from Mount Vernon [Street]." From the evidence, the trial court could infer reasonably that the streets in the complex were open to unrestricted public use.

The Commonwealth established the public's "free and unrestricted use" of the street, and no evidence appears in the record that suggests the roads were marked as private or prohibited to public traffic, or that nonresidents driving on the streets had been arrested for trespassing. See Mitchell, 26 Va. App. at 29, 492 S.E.2d at 840 (evidence sufficient to prove road in mobile home complex was a highway where no trespassing signs were absent and persons driving through the complex had not been arrested for trespassing). The officer merely stated that this complex was privately owned, rather than a public housing project, and that he had "trespass authorization."[1]

---

[1] While Seaborn's counsel noted in closing argument that "the housing projects" had "strict no trespassing rules," no evidence was presented that this complex was a housing project or that it had adopted such a no trespassing policy with respect to the use of its access road. As an appellate court, we "must dispose of the case upon the record and cannot base [our] decision

The issue before us is whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Bolden v. Commonwealth, 49 Va. App. 285, 292, 640 S.E.2d 526, 530 (2007) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 7-8, 602 S.E.2d 402, 405 (2004)), aff'd, 275 Va. 144, 654 S.E.2d 584, cert. denied, 129 S. Ct. 284 (2008). When faced with a challenge to the sufficiency of the evidence, "we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*).

The evidence permitted the finding that the defendant operated a motor vehicle on a highway. Accordingly, we affirm.

Affirmed.

upon . . . statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).