# CIRCUIT COURT OF LOUDOUN COUNTY

Loudoun County

v.

Richard Wesley Plowman

November 29, 2010

Case No. (Criminal) 22157

By Judge Thomas D. Horne

This case came before the Court for trial, without a jury, on November 12, 2010. Defendant is charged with driving under the influence of alcohol. He has raised the issue as to the admissibility of the breath test results based, among other things, on the location of the alleged offense. It is his contention that the area in which he was seen operating his motor vehicle was not a "highway" within the contemplation of Va. Code Ann § 18.2-268.2. *Edwards v. City of Virginia Beach*, 2001 Va. App. LEXIS 522 (Sept. 25, 2001). While this unpublished decision of the Court of Appeals lacks precedential authority, the Court finds it to be persuasive on the issue. Accordingly, the Court must examine the record to determine whether or not the area in question is a "highway".

An aerial photograph of the location in question was received in evidence. It depicts a rectangular shaped parcel of land bordered on four sides by Harry Byrd Highway, Potomac View Road, Benedict Drive, and Bartholomew Fair Drive. Within the rectangular parcel are a medical facility, offices, a gas station, and a convenience store. Access to the gas station and the convenience store can only be made by vehicles turning from Benedict Drive or Bartholomew Fair Drive. The remaining developed property occupies approximately three quarters of the space within the rectangular parcel and consists of offices and a medical facility as well as accessory parking and connecting travel ways. There is no observable limitation on parking for specific uses either within the complex or to the use of the travel ways connecting those uses to the bordering highways. No signs, gates, or other obstructions limit access to the traveling public.

The General Assembly has provided that a "highway" is defined as:

[T]he entire width between the boundary lines of every way or place open to the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys, and, for law-enforcement purposes, the entire width between the boundary lines of all private roads or private streets that have been specifically designated "highways" by an ordinance adopted by the governing body of the county, city, or town in which such private roads or streets are located.

Va. Code Ann. § 46.2-100.

In determining whether a given roadway is a "highway", the Supreme Court of Virginia has given guidance to trial courts in evaluating evidence necessary to such a finding. Thus, "the evidence of accessibility to the public for free and unobstructed use [gives] rise to a prima facie presumption the streets . . . [are] highways within the definition of [Va. Code Ann. § 46.2-100]." *Kay Management v. Creason*, 220 Va. 820, 832 (1980). In the event a prima facie presumption arises, then it becomes the burden of the party seeking to avoid such a finding to, "rebut the presumption by showing that the streets were used for vehicular travel exclusively by the owners and those having either express or implied permission from the owners." *Id.*

Courts, in applying this presumption, have looked to a variety of factors, including restrictions on, or denial of, access by the public; participation by public safety officials in the posting of signs on the streets; naming of streets; interrelationship between parking spaces and traveled ways; and limitations on accessibility to the primary use of the premises. However, the presumption does not arise from the mere fact that access to the public is, "not blocked by a physical barrier". *Caplan v. Bogard*, 264 Va. 219, 227 (2002).

Appellate courts have revisited this issue on a number of occasions. Though not an exhaustive list, this would include *Prillaman v. Commonwealth*, 199 Va. 401 (1957); *Kay Management v. Creason*, 220 Va. 820 (1980); *Furman v. Call*, 234 Va. 437 (1987); *Flinchum v. Commonwealth*, 24 Va. App. 734 (1997); *Roberts v. Commonwealth*, 28 Va. App. 401 (1998); *Caplan v. Bogard*, 264 Va. 219 (2002); *Seaborn v. Commonwealth*, 54 Va. App. 408 (2009). In the instant case, the Court finds that the Commonwealth is entitled to the presumption and that evidence is absent from the record that would rebut that presumption that the area where the defendant was seen operating a motor vehicle was a highway.

The parking lot and through access to the parking spaces and bordering major highways are both physically and temporally unobstructed to public travel. Parking spaces within the area are bordered by curb and gutter. Unlike the parking for the convenience store and service station, the

instant area serves a wide variety of uses, none of which would suggest a limited proprietary interest subject to public closure upon the whim and caprice of the owner. The layout and design of the area, including a large health care facility would suggest just the opposite.

Accordingly, based on the evidence the Court finds that the area in question is a "highway" for purposes of this case.