COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Felton, Judges Elder and Petty
Argued at Richmond, Virginia


LORENA RODRIGUEZ VILLAREAL, S/K/A
  LORENA RODRIGUEZ-VILLAREAL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0764-12-2               CHIEF JUDGE WALTER S. FELTON, JR.
                                                            MAY 14, 2013

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                             Timothy J. Hauler, Judge

            José Antonio García Martelino, Jr., for appellant.

            Lauren C. Campbell, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Lorena Rodriguez Villareal, sometimes known as Lorena Rodriguez-Villareal

("appellant") was convicted by the Circuit Court of Chesterfield County ("trial court") of driving

on a suspended driver's license after multiple convictions for driving while intoxicated, in

violation of Code § 46.2-391(D)(3).  On appeal, appellant contends the trial court erred in

convicting her of that offense because the extent of her driving occurred entirely within a parking

lot, not on a "highway" as required by Code § 46.2-391.  For the following reasons, we reverse

appellant's conviction.

                                    I.  BACKGROUND

        On July 23, 2011, an off-duty police officer was providing security for a restaurant

located in a strip mall consisting of several stores and a parking lot in Chesterfield County.  The

strip mall is bordered by Jefferson Davis Highway and Galina Avenue.  A stop sign regulates

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

vehicular traffic leaving the strip mall parking lot to enter Galina Avenue. The parking lot is also posted with multiple "no loitering," "no alcohol," and "no trespassing" signs.

Around 11:30 p.m., appellant left the restaurant and walked across the parking lot to a white Ford Explorer. She entered the vehicle and backed it out of a marked parking space striking an off-duty police officer's marked police vehicle.[1] As a result of that incident, the police officer arrested appellant for driving on a suspended driver's license, in violation of Code § 46.2-391(D)(3), driving while intoxicated, fourth offense, and refusal to take a breath test to measure the level of alcohol in her blood.[2]

Appellant filed a pre-trial motion to dismiss the charge of driving while her driver's license was suspended, asserting that the parking lot on which she drove is not a "highway" as defined by Code § 46.2-100.[3] The trial court denied appellant's motion, finding that the parking lot fell within the definition of a "highway" under Code § 46.2-100. It found appellant guilty of

---

[1] The owner of the restaurant hired the off-duty police officer to provide security in the parking lot area outside of the restaurant.

[2] Appellant was found not guilty of refusal. She later pled guilty to driving under the influence, fourth offense. That conviction is not before the Court on appeal.

[3] Code § 46.2-100 defines "highway" as:

> the entire width between the boundary lines of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys, and, for law-enforcement purposes, (i) the entire width between the boundary lines of all private roads or private streets that have been specifically designated "highways" by an ordinance adopted by the governing body of the county, city, or town in which such private roads or streets are located and (ii) the entire width between the boundary lines of every way or place used for purposes of vehicular travel on any property owned, leased, or controlled by the United States government and located in the Commonwealth.

Nothing in the record on appeal demonstrates that for "law enforcement purposes" that the parking lot at issue has been specifically designated as a "highway" by ordinance.

driving on a suspended driver's license after multiple convictions of driving while intoxicated, in violation of Code § 46.2-391(D)(3). This appeal followed.

## II. ANALYSIS

### A. Code § 46.2-391 and "highway"

Code § 46.2-391 provides that it is unlawful for an individual to drive a motor vehicle while that individual's driver's license is revoked or suspended for multiple prior convictions of driving while intoxicated. That statute itself does not explicitly require that the driving must occur "on a highway."[4] Appellant argues that this Court should read "on a highway" into the statute pursuant to the Supreme Court's holding in Prillaman v. Commonwealth, 199 Va. 401, 100 S.E.2d 4 (1957). There, Prillaman was convicted of driving a vehicle prior to having his

---

[4] Code § 46.2-391 provides in pertinent part:

> A. The Commissioner shall forthwith revoke and not thereafter reissue for three years the driver's license of any person on receiving a record of the conviction of any person who (i) is adjudged to be a second offender in violation of the provisions of . . . § 18.2-266 (driving under the influence of drugs or intoxicants), if the subsequent violation occurred within 10 years of the prior violation, or (ii) is convicted of any two or more offenses of § 18.2-272 (driving while the driver's license has been forfeited for a conviction under § 18.2-266) if the second or subsequent violation occurred within 10 years of the prior offense. . . .
>
> \* \* \* \* \* \* \*
>
> D. Any person convicted of driving a motor vehicle . . . (i) while his license is revoked pursuant to subsection A . . . shall . . . be punished as follows:
>
> \* \* \* \* \* \* \*
>
> 3. If any such offense of driving is a second or subsequent violation, such person shall be punished as provided in subdivision 2 of this subsection, irrespective of whether the offense, of itself, endangers the life, limb, or property of another.

suspended license reinstated, in violation of Code § 46-347.2, Code 1950.[5] On appeal, he argued that the statute prohibited only his driving on a public highway, not on the parking area of a service station lot. The Supreme Court reversed Prillaman's conviction, concluding that the phrase "on any highway" should be read into the statute and that the parking area of the service station was not a "highway" within the meaning of Code § 46-1(8), Code 1950, now Code § 46.2-100. Consistent with Prillaman, we conclude that the language "on the highways" should also be read into Code § 46.2-391 as an element of proof for that offense. In order to convict a person for driving a motor vehicle while the individual's driver's license is suspended for multiple prior convictions of driving while intoxicated, the driving must occur on a "highway" as defined by Code § 46.2-100.

### B. Parking Lots

Appellant argues that, under existing law and precedent, the strip mall parking lot on which she drove and where the restaurant is located is not a "highway" as defined by Code § 46.2-100 and relevant case law. The parking lot is adjacent to a strip mall for the implied use of the patrons of those businesses. It consists of marked parking spaces and is posted with multiple "no loitering," "no alcohol," and "no trespassing" signs.

The Supreme Court has held that "the test for determining whether a way is a 'highway' depends upon the degree to which the way is open to public use for vehicular traffic." Furman v. Call, 234 Va. 437, 439, 362 S.E.2d 709, 710 (1987) (citing Kay Management v. Creason, 220 Va. 820, 831-32, 263 S.E.2d 394, 401 (1980)). Roadways through otherwise private areas open to unrestricted public vehicular traffic have been determined to be "highways" within the

---

[5] Code § 46-347.2, Code 1950, provided that any individual who drove a motor vehicle, after that individual's license suspension or revocation period was terminated, but prior to having his license reinstated, was guilty of a misdemeanor. Code § 46-347.2, Code 1950, was repealed in 1958 and was not re-enacted. Acts of Assembly, 1958, ch. 541, pp. 685, 763.

- 4 -

meaning of Code § 46.2-100. See Kay Management, 220 Va. at 832, 263 S.E.2d at 402 (apartment complex streets were "highways" because of free and unrestricted vehicular use by the public); Seaborn v. Commonwealth, 54 Va. App. 408, 679 S.E.2d 565 (2009) (apartment complex streets where speed bumps were installed throughout was a "highway" because of free and unrestricted vehicular use by the public); Mitchell v. Commonwealth, 26 Va. App. 27, 34, 492 S.E.2d 839, 842 (1997) (roads running through a mobile home complex were "highways" as those roads were "open to the unrestricted use of the public" and with no signage restricting use).

Here, the evidence presented at trial proved that appellant's act of driving occurred entirely within the parking area of the strip mall parking lot where the restaurant was located. Appellant's limited act of driving occurred while she was backing out of a marked parking space in the strip mall parking lot. We conclude that the act of backing out of a marked parking space did not constitute driving on a "highway" within the meaning of Code § 46.2-100, but rather occurred in a "private road or driveway" as defined in the same code section.[6] See Caplan v. Bogard, 264 Va. 219, 563 S.E.2d 719 (2003) (Roanoker Restaurant parking lot was not a "highway" because access was limited to users of that restaurant only); Roberts v. Commonwealth, 28 Va. App. 401, 504 S.E.2d 890 (1998) (7-Eleven parking lot was not a "highway" because store owner's authority to ask people to leave the lot restricted public access); Flinchum v. Commonwealth, 24 Va. App. 734, 485 S.E.2d 630 (1997) (sporting goods store parking lot restricted for use only by store employees and customers and posted with "no trespassing" signs, was not a "highway"); Edwards v. City of Va. Beach, No. 2751-00-1, 2001 Va. App. LEXIS 522 (Va. Ct. App. Sept. 25, 2001) (Chick-Fil-A parking lot a private lot that provided access only to users of the restaurant and was not a "highway"); White v. City of

---

[6] Code § 46.2-100 also defines "private road or driveway" as "every way in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons."

Lynchburg, No. 0591-99-3, 2000 Va. App. LEXIS 97 (Va. Ct. App. Feb. 15, 2000) (apartment complex streets and parking lot not open to the public were not a "highway" because owner posted "no trespassing/loitering" signs and hired private security guard to remove trespassers from parking lot).[7] Accordingly, we reverse appellant's conviction for driving on a suspended driver's license, in violation of Code § 46.2-391(D)(3).

## III. CONCLUSION

For the foregoing reasons, we reverse appellant's conviction for driving on a suspended driver's license after multiple convictions of driving while intoxicated, in violation of Code § 46.2-391(D)(3).

Reversed.

---

[7] We note that, for the purpose of enforcing statutes prohibiting driving while unlicensed, some states do not require courts to decide whether parking lots are "highways." Those states have statutes prohibiting driving while license suspended or revoked that either do not include the "on a highway" language, California Veh. Code § 14601.1 (2013); Conn. Gen. Stat. § 14-215 (2013); Mass. Gen. Laws ch. 90, § 23 (2013); Minn. Stat. § 171.24 (2013); Neb. Rev. Stat. Ann. § 60-4, 107 (2013); N.H. Rev. Stat. Ann. § 263:64 (2013); N.J. Stat. Ann. § 39:3-40 (2013); Wash. Rev. Code Ann. § 46.20.015 (2013), or include the terms "parking lot" or "parking area" as prohibited places to drive while license suspended, Me. Rev. Stat. tit. 29-A, § 2412-A (2013); Mich. Comp. Laws § 257.904 (2013); N.D. Cent. Code § 39-06-42 (2013), Ohio Rev. Code Ann. § 2510.11 (2013); Tenn. Code Ann. § 55-50-504 (2013).